**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 24-3342 _____      _____ Caption [use short title] _____

Motion for: Leave to File Reply in Further Support of _____

Petition for Leave to Appeal Pursuant to Rule 23(f) _____

_____

Set forth below precise, complete statement of relief sought:

Defendants-Petitioners seek leave to file a reply brief _____

in further support of the Petition for Leave to Appeal _____

Pursuant to Rule 23(f). _____

Iowa Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.

MOVING PARTY: All Defendants _____      OPPOSING PARTY: All Plaintiffs _____

☐ Plaintiff      ☑ Defendant

☑ Appellant/Petitioner      ☐ Appellee/Respondent

MOVING ATTORNEY: Adam S. Hakki _____      OPPOSING ATTORNEY: Daniel L. Brockett _____

[name of attorney, with firm, address, phone number and e-mail]

Allen Overy Shearman Sterling US LLP      Quinn Emanuel Urquhart & Sullivan, LLP

599 Lexington Avenue, New York, NY 10022      295 Fifth Avenue, New York, New York 10016

(212) 848-4000; adam.hakki@aoshearman.com      (212) 849-7000; danbrockett@quinnemanuel.com

Court- Judge/ Agency appealed from: U.S. District Court for the Southern District of New York - Hon. Katherine Polk Failla

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____
_____

Opposing counsel's position on motion:
☐ Unopposed  ☑ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes  ☐ No  ☐ Don't Know

Is oral argument on motion requested?   ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes  ☑ No  If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes  ☐ No

Has this relief been previously sought in this court?   ☐ Yes  ☐ No

Requested return date and explanation of emergency: _____
_____
_____
_____
_____

**Signature of Moving Attorney:**

/s/ Adam S. Hakki _____   Date: 01/06/2025 _____   Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 24-3342

## United States Court of Appeals for the Second Circuit

IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, on behalf of themselves and all others similarly situated,

*Plaintiffs-Respondents,*

– v. –

MERRILL LYNCH, PIERCE, FENNER & SMITH INC.;
MERRILL LYNCH L.P. HOLDINGS, INC.; and
MERRILL LYNCH PROFESSIONAL CLEARING CORP.,

*Defendants-Petitioners.*

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, NO. 1:17-CV-6221 (FAILLA, J.)*

**PETITIONERS' MOTION FOR LEAVE TO FILE REPLY IN FURTHER SUPPORT OF PETITION FOR PERMISSION TO APPEAL UNDER FED. R. CIV. P. 23(f)**

Adam S. Hakki
Richard F. Schwed
ALLEN OVERY SHEARMAN STERLING
US LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

Michael P. Mitchell
ALLEN OVERY SHEARMAN STERLING
US LLP
1101 New York Avenue, NW
Washington, DC 20005
(202) 683-3800

*Attorneys for Defendants-Petitioners*

Petitioners respectfully move for leave to file a reply in further support of their Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f), filed December 20, 2024 (the "Petition"), ECF No. 1.1. A copy of the proposed reply brief is attached to this motion. The proposed reply brief complies in all respects with the provisions of Federal Rule of Appellate Procedure 27 pertaining to motion-reply briefs.

The Petition asks this Court to allow an immediate appeal of a district court order certifying a class in this antitrust case seeking billions of dollars of alleged class action damages. Rule 23(f) relief is warranted because (i) there is a compelling need for this Court to clarify the extent to which district courts addressing class certification must *resolve* conflicting evidence in making the factual findings necessary to determine whether a Plaintiff has established each Rule 23 requirement by a preponderance of the evidence, (ii) the district court did not recognize the fundamental conflict between the borrower and lender subclasses and did not conduct the "rigorous analysis" required before finding the predominance requirement of Rule 23(b)(3) had been met, and (iii) the district court's class certification order imposes coercive settlement pressure on Petitioners. Petitioners seek leave to file the enclosed reply brief to assist the Court's consideration of the arguments presented by the Petition and in Respondents' opposition, several of which necessarily were made by Respondents

1

for the very first time in their opposition.  Parties in similar circumstances are routinely granted leave to file reply briefs addressing matters raised in opposition briefs, and this Court regularly grants leave to file reply briefs in support of Rule 23(f) petitions.  *See, e.g.*, Fed. R. App. P. 27(a)(4), (d)(2)(C)–(D); Order, *City of Philadelphia v. Bank of Am. Corp.*, No. 23-7328 (2d Cir. Feb. 5, 2024), ECF No. 70; *Goldman Sachs 401(k) Plan Ret. Comm. v. Falberg*, 2022 WL 4126112, *1 (2d Cir. June 29, 2022); *Colgate-Palmolive Co. v. de Lacour*, 2021 WL 5443265, *1 (2d Cir. Sept. 16, 2021); *Whirlpool Corp. v. Famular*, 2019 WL 4839990, *1 (2d Cir. Aug. 6, 2019); Order, *Kurtz v. Costco Wholesale Corp.*, No. 17-1023 (2d Cir. June 14, 2017), ECF No. 55; Order, *Samserv, Inc. v. Sykes*, No. 13-1320 (2d Cir. May 8, 2013), ECF No. 61.  Moreover, permitting a reply brief here would be especially helpful because, as explained in the accompanying proposed filing, Respondents' brief in opposition to the Petition fundamentally misapprehends the nature of Petitioners' objections to the decisions below (which is of particular relevance to the standard of review) and raises arguments not previously made in this action, including that the Court should not grant the Petition because another appeal pending before the Court presents similar issues.  That argument is contrary to the approach this Court has taken in analogous circumstances, as well as the position of some of Plaintiffs' own counsel in connection with a Rule 23(f) petition

2

they filed in this Court in another financial industry antitrust class action. *See* Proposed Reply at 4.

The proposed reply comports with the length and timing requirements for motion reply briefs contained in Federal Rule of Appellate Procedure 27, as the brief does not exceed 2,600 words and is being submitted within seven days of the filing of Respondents' opposition brief. Petitioners therefore respectfully request that this Court grant this motion and consider the attached reply brief in resolving the Petition.

Dated: January 6, 2025

Respectfully submitted,

/s/ Adam S. Hakki

Adam S. Hakki
Richard F. Schwed
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
adam.hakki@aoshearman.com
rschwed@aoshearman.com

Michael P. Mitchell
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 508-8100
michael.mitchell@aoshearman.com

*Counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch L.P. Holdings, and Merrill Lynch Professional Clearing Corp.*

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 568 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 font size and Times New Roman style.

> */s/ Adam S. Hakki*
> Adam S. Hakki
> ALLEN OVERY SHEARMAN STERLING
> US LLP
> 599 Lexington Avenue
> New York, NY 10022
> Telephone: (212) 848-4000
> adam.hakki@aoshearman.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2025, I caused copies of the foregoing

Motion for Leave to File Reply in Further Support of Permission to Appeal Under

Fed. R. Civ. P. 23(f) to be served upon the following counsel of record by

CM/ECF:

**COHEN MILSTEIN SELLER & TOLL PLLC**

Michael B. Eisenkraft
Christopher J. Bateman
88 Pine Street, 14th Floor
New York, New York 10005
meisenkraft@cohenmilstein.com
cbateman@cohenmilstein.com

Julie G. Reiser
1100 New York Ave NW, Suite 500
Washington, DC 20005
jreiser@cohenmilstein.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Daniel L. Brockett
Steig D. Olson
David M. Cooper
Sascha N. Rand
295 Fifth Avenue
New York, New York 10016
danbrockett@quinnemanuel.com
steigolson@quinnemanuel.com
davidcooper@quinnemanuel.com
sascharand@quinnemanuel.com

   */s/ Adam S. Hakki*
Adam S. Hakki
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
adam.hakki@aoshearman.com

# 24-3342

# United States Court of Appeals

*for the*

## Second Circuit

IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, on behalf of themselves and all others similarly situated,

*Plaintiffs-Respondents,*

– v. –

MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH L.P. HOLDINGS, INC.; and MERRILL LYNCH PROFESSIONAL CLEARING CORP.,

*Defendants-Petitioners.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, NO. 1:17-CV-6221 (FAILLA, J.)

## PETITIONERS' REPLY IN FURTHER SUPPORT OF PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

ADAM S. HAKKI
RICHARD F. SCHWED
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

–and –

MICHAEL P. MITCHELL
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, DC 20005
(202) 683-3800

*Attorneys for Defendants-Petitioners*

 COUNSEL PRESS   (800) 4-APPEAL • (335513)

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.......................................................................................... ii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................3

   I.   THE DISTRICT COURT'S ORDER PRESENTS AN IMPORTANT LEGAL QUESTION AS TO WHICH THERE IS A COMPELLING NEED FOR IMMEDIATE RESOLUTION .......................................................................3

   II.    THE DISTRICT COURT'S ORDER RESTS ON LEGAL ERRORS .........4

     A.    A Fundamental Conflict Exists Between The End User And Beneficial Owner Subclasses. ........................................................................................5

     B.    The District Court Failed To Conduct The "Rigorous Analysis" Required By Rule 23 And Controlling Precedent. ...............................................7

   III.   THE DISTRICT COURT'S CLASS CERTIFICATION ORDER NEEDS RULE 23(f) REVIEW...................................................................................10

CONCLUSION ........................................................................................................11

CERTIFICATE OF COMPLIANCE.......................................................................12

CERTIFICATE OF SERVICE ...............................................................................13

i

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Allen v. Dairy Farmers of Am., Inc.*,
  279 F.R.D. 257 (D. Vt. 2011) ..............................................................7

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  689 F.3d 229 (2d Cir. 2012) ................................................................4

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ............................................................................6

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
  568 U.S. 455 (2013) ............................................................................9

*Ark. Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc.*,
  77 F.4th 74 (2d Cir. 2023) ................................................................10

*Charron v. Weiner*,
  731 F.3d 241 (2d Cir. 2013) ................................................................7

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*,
  502 F.3d 91 (2d Cir. 2007) ..............................................................5, 9

*Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*,
  594 U.S. 113 (2021) ............................................................................9

*In re Hydrogen Peroxide Antitrust Litig.*,
  552 F.3d 305 (3d Cir. 2008) ................................................................9

*In re Interest Rate Swaps Antitrust Litig.*,
  2023 WL 8675625 (S.D.N.Y. Dec. 15, 2023) ...........................1, 2, 4, 8

*In re Initial Public Offerings Sec. Litig.*,
  471 F.3d 24 (2d Cir. 2006) ..........................................................*passim*

*Kurtz v. Costco Wholesale Corp.*,
  818 F. App'x 57 (2d Cir. 2020) ...........................................................9

*In re Literary Works in Elec. Databases Copyright Litig.*,
  654 F.3d 242 (2d Cir. 2011) ..............................................................6, 7

*In re Microsoft Corp. Antitrust Litig.*,
    218 F.R.D. 449 (D. Md. 2003) ................................................................5

*Montgomery v. New Piper Aircraft, Inc.*,
    209 F.R.D. 221 (S.D. Fla. 2002)............................................................5

*In re Petrobras Secs.*,
    862 F.3d 250 (2d Cir. 2017) ............................................................7, 11

*In re Salomon Analyst Metromedia Litig.*,
    544 F.3d 474 (2d Cir. 2008) ............................................................3, 4

*Set Capital LLC v. Credit Suisse Grp. AG*,
    2024 WL 895084 (S.D.N.Y. Mar. 1, 2024)..........................................7

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*,
    546 F.3d 196 (2d Cir. 2008) ................................................................8

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2016)..............................................................................9

*In re U.S. Foodservice Inc. Pricing Litig.*,
    729 F.3d 108 (2d Cir. 2013) ................................................................9

*Waggoner v. Barclays PLC*,
    875 F.3d 79 (2d Cir. 2017) ................................................................11

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011)..........................................................................2, 8

*West v. Prudential Secs., Inc.*,
    282 F.3d 935 (7th Cir. 2002) ..............................................................8

**OTHER AUTHORITIES**

Order, *Richardson v. Kane*,
    No. 13-8046 (3d Cir. May 20, 2013)....................................................4

**INTRODUCTION**

Rule 23(f) relief is warranted by (i) the compelling need for this Court to clarify the extent to which district courts must resolve conflicting evidence in determining whether Rule 23's requirements have been satisfied by a preponderance of the evidence, (ii) the district court's failure to recognize the fundamental conflict between the borrower and lender subclasses or conduct the "rigorous analysis" required before finding Rule 23(b)(3)'s predominance requirement satisfied, and (iii) the resulting coercive settlement pressure on Merrill Lynch. Pet. at 1–5.[1] Plaintiffs' Opposition fundamentally distorts Merrill Lynch's position, misapplies and misstates controlling precedent, and fails to even acknowledge the directly conflicting decision in *In re Interest Rate Swaps Antitrust Litig.* ("*IRS*"), 2023 WL 8675625 (S.D.N.Y. Dec. 15, 2023), as to which Plaintiffs' counsel pursued Rule 23(f) relief in this Court. Additionally, Plaintiffs' Opposition urges the wrong standard, ignoring that the Petition challenges only *legal* errors subject to *de novo* review.

Plaintiffs' core assertion that Merrill Lynch "does not challenge" the district court's conclusion that antitrust impact is capable of class-wide resolution (Opp. at 1) is demonstrably wrong. As the Petition makes clear, Merrill Lynch's position

---

[1] Citations to "Petition" or "Pet." are to Merrill Lynch's Rule 23(f) Petition (Dkt. No. 1.1), and citations to "Opp." are to Plaintiffs-Respondents' Opposition (Dkt. No. 11.1). Other citations and definitions conform to those used in the Petition.

1

is that the predominance determination was erroneous because the district court failed to resolve the parties' competing evidence concerning whether antitrust impact can be established on a class-wide basis. Pet. at 18–19. Had the district court conducted a "rigorous analysis" using the required preponderance-of-the-evidence standard, it could not have found predominance satisfied. *Id.* at 20–22.

Plaintiffs' claim that the district court was only required to determine whether the jury could conceivably find in Plaintiffs' favor (Opp. at 16, 19–20) fundamentally misunderstands the district court's role under Rule 23 and controlling precedent. As this Court established in *In re Initial Public Offerings Sec. Litig.* ("*IPO*"), it is for the court, not the jury, to determine whether Rule 23 has been satisfied. 471 F.3d 24, 40 (2d Cir. 2006); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). Tellingly, Plaintiffs' only mention of the seminal *IPO* decision is an unsupported suggestion that the case is inapposite because it concerned securities law. *See* Opp. at 18.

Even more telling is Plaintiffs' complete silence regarding Judge Oetken's directly conflicting decision in *IRS*. There, without finding that plaintiffs' expert evidence was methodologically unsound, Judge Oetken denied certification because—after rigorously engaging with *both* sides' evidence—he determined that plaintiffs failed to demonstrate by a preponderance of the evidence that antitrust impact would be provable at trial on a class-wide basis. That is what controlling

2

precedent requires. The district court here did not do that, and Plaintiffs do not seriously argue otherwise.

**ARGUMENT**

## I.   THE DISTRICT COURT'S ORDER PRESENTS AN IMPORTANT LEGAL QUESTION AS TO WHICH THERE IS A COMPELLING NEED FOR IMMEDIATE RESOLUTION

Plaintiffs urge denying the Petition because *VRDO* will address "the degree of scrutiny required for expert evidence on antitrust impact on class certification," while simultaneously arguing that "there is no plausible scenario where *VRDO* would undermine the class certification [decision] here." Opp. at 1. Both claims are wrong.

First, granting Rule 23(f) review here—where it is plainly warranted (as the Court appears to have concluded in granting review of the similar challenge in *VRDO*)—is neither "pointless" nor "inefficient." Opp. at 8. What would be massively inefficient would be to rush this case along as a class action and then, as Plaintiffs suggest, have the parties brief (and the district court decide) decertification after this Court decides *VRDO*. It is manifestly more sensible to grant the Petition and either schedule prompt briefing or hold briefing in abeyance pending the decision in *VRDO*—as this Court has done in similar circumstances. *See, e.g.*, *In re Salomon Analyst Metromedia Litig.*, 544 F.3d 474, 479–80 (2d Cir. 2008) (Court "granted [Rule 23(f)] leave to appeal" but "ordered briefing be held

3

in abeyance" until it decided then-pending *IPO*).[2]  Indeed, when representing the

*IRS* plaintiffs, Plaintiffs' *own counsel* recognized this as the preferable process

after the *VRDO* Petition was granted, arguing it was "necess[ary]" to grant the *IRS*

Petition so that certification there could "be decided consistent with however this

Court resolves" *VRDO*—even though the *IRS* plaintiffs contended both petitions

"address[ed] the same issue."  Letter, *IRS* (2d Cir. Feb. 7, 2024), ECF No. 79.

Second, Plaintiffs' insistence that *VRDO* could not affect class certification

here is based on the demonstrably erroneous assertions that (i) Merrill Lynch

concedes Plaintiffs' evidence demonstrates class-wide impact (it does not) and

(ii) the Supreme Court has rejected the notion that district courts must resolve

evidentiary disputes at the class certification stage (it has not).  *See infra*, II.B.

Third, Plaintiffs ignore that *VRDO* does not present the conflict issue

presented by the Petition.  *See infra*, II.A.

## II.  THE DISTRICT COURT'S ORDER RESTS ON LEGAL ERRORS

"To the extent a district court's ruling on an individual Rule 23 requirement

involves an issue of law," this Court's review is *de novo*.  *In re Am. Int'l Grp., Inc.*

---

[2] In addition to the *Salomon* approach of granting the Rule 23(f) petition and holding briefing in abeyance, appellate courts have also held Rule 23(f) petitions pending resolution of separate appeals.  *E.g.*, Order, *Richardson v. Kane*, No. 13-8046 (3d Cir. May 20, 2013).  Merrill Lynch respectfully urges that its Petition be granted and the appeal proceed expeditiously, which would be the most efficient approach under the circumstances, with this Court's approach in *Salomon* being the most obvious alternative.

*Sec. Litig.*, 689 F.3d 229, 237 (2d Cir. 2012). A district court abuses its discretion when its class certification order rests on an error of law. *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 98 (2d Cir. 2007).

## A. A Fundamental Conflict Exists Between The End User And Beneficial Owner Subclasses.

Plaintiffs misapprehend Defendants' argument when arguing that the district court had discretion to find "that the presence of lenders and borrowers in the Class does not create a fundamental conflict." Opp. at 10. The fundamental conflict arises not simply because borrowers and lenders are class members, but because they are in a zero-sum relationship with respect to injury (an element of *liability*) in addition to the related but distinct issue of damages, with neither subclass having independent representation. Pet. at 15–16.[3]

Plaintiffs effectively concede that (a) borrowers and lenders are on opposite sides of the market (Opp. at 11–12), (b) their own economists arbitrarily decided the amount of platform trading costs each subclass is responsible for and how much (if any) of the supposed benefit each subclass receives (*e.g.*, CA-843–44),

---

[3] Such zero-sum relationships have precluded certification. *See, e.g., Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 226–27 (S.D. Fla. 2002) ("claims of sellers and buyers are inherently antagonistic" when buyers "have to prove that they paid full price" and sellers claim "they received a depressed price."); *In re Microsoft Corp. Antitrust Litig.*, 218 F.R.D. 449, 452 (D. Md. 2003) (where the same counsel sought to represent both suppliers and customers it created an "irreconcilable conflict").

and (c) these judgments resulted in the exclusion of hundreds of borrowers and lenders from the class (*id.*).  Plaintiffs brush these fundamental conflicts aside as mere "damages allocation issues," arguing they are not fundamental conflicts because no class member objected to the settlements reached with the other defendants.  Opp. at 13.  But Rule 23(a)(4)'s adequacy requirement is not dependent on objections, and none of the cited cases identify objections as a factor in assessing whether a conflict exists.  *See, e.g.*, *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 251–54 (2d Cir. 2011) (analyzing conflict without reference to objectors as factor and noting distinction between Rule 23(a)(4)'s adequacy requirements and Rule 23(e)(2)'s fairness requirements).  Moreover, the district court did not mention the absence of objections as relevant to whether any Rule 23(a) factor was met in approving the settlements, S.D.N.Y. ECF No. 690 at 33, nor in assessing conflicts in the certification order Merrill Lynch challenges here.  *See* A-1–54.

Finally, Plaintiffs argue the cases Merrill Lynch cites are inapposite because they addressed settlement classes.  Opp. at 13–14.  Settlement classes may require greater judicial scrutiny to *root out* conflicts given the absence of "adversarial investigation" present in litigated cases.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  But that does not mean a court can be less rigorous in assessing

whether a fundamental conflict exists simply because it arises in litigation.[4]

Indeed, under the injury methodology Plaintiffs are offering in *litigation*, hundreds

of putative class members are deemed to have no injury or claim despite being

"represented" by the same counsel. CA-843–44, CA-931–44, CA-1964–65. That

is not permitted and would not happen absent the fundamental conflicts present

here. *See Literary Works*, 654 F.3d at 254.

### B. The District Court Failed To Conduct The "Rigorous Analysis" Required By Rule 23 And Controlling Precedent.

Plaintiffs' assertion that Merrill Lynch does not challenge the district court's

"finding" that antitrust impact is capable of class-wide resolution (Opp. at 1, 9) is

as illogical as it is unsupported. The district court was only able to "find"

predominance was satisfied because it concluded, erroneously, that it was not

required to resolve the parties' disputed evidence. Pet. at 18–21. This is the legal

error Merrill Lynch challenges. *See, e.g.*, *In re Petrobras Secs.*, 862 F.3d 250, 271

(2d Cir. 2017) (failure to "meaningfully address" predominance was error of law).

---

[4] This Court in *Charron v. Weiner* simply observed that no potential intra-class conflicts were "raised" at class certification—the conflicts were raised at class settlement; this Court never suggested that such conflicts do not matter in a litigated case. 731 F.3d 241, 250 (2d Cir. 2013), *discussed at* Opp. at 14. Courts routinely assess in litigated cases whether a class or subclasses have members with fundamental conflicts, as they must. *E.g.*, *Set Capital LLC v. Credit Suisse Grp. AG*, 2024 WL 895084, at *2, *5 (S.D.N.Y. Mar. 1, 2024) (denying certification because of fundamental conflict between subclasses); *Allen v. Dairy Farmers of Am., Inc.*, 279 F.R.D. 257, 274 (D. Vt. 2011) (denying certification due to "fundamental conflict within the proposed class").

It is also the legal issue on which district judges in this Circuit have taken directly conflicting approaches. *Compare VRDO and* A-1–54, *with IRS*.

Plaintiffs' argument treats the question of whether an issue is "capable" of class-wide resolution as a pleading standard. *See* Opp. at 19–20. But "Rule 23 does not set forth a mere pleading standard," and "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350 (original emphasis); *see also IPO*, 471 F.3d at 42 ("[A]n expert's testimony may [not] establish a component of a Rule 23 requirement simply by being not fatally flawed."); *West v. Prudential Secs., Inc.*, 282 F.3d 935, 938 (7th Cir. 2002) ("Tough questions must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing [experts'] perspectives.").

The district court must resolve certification-related factual disputes "just as" it "would resolve a dispute about any other threshold prerequisite for continuing a lawsuit." *IPO*, 471 F.3d at 42; *see also id.* at 31 (district court erroneously "concluded that weighing the competing expert reports was inappropriate"). And it is clear "the preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008). The decisions

Plaintiffs cite from the Supreme Court and this Court to argue a district court is not required to resolve such disputes (Opp. at 2, 12, 17) either did not concern predominance or in fact resolved the parties' predominance disputes.[5]

Plaintiffs' argument that Merrill Lynch would have the district court usurp the jury's role (Opp. at 19) is exactly backwards. *See, e.g.*, *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 126–27 (2021) (district court must "determine whether it is more likely than not" points related to predominance satisfied). The district court's obligation to make a "definitive assessment" that every Rule 23 requirement is met is not lessened "just because of some or even full overlap of that requirement with a merits issue" to be considered later by the jury. *IPO*, 471 F.3d at 41; *see also In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d

---

[5] *See, e.g.*, *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 456–57 (2016) (defense common to each class member's claim presented an alleged "fatal similarity" impacting all claims); *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 467–69 (2013) ("the failure of proof on the element of materiality would end the case for one and for all"); *Kurtz v. Costco Wholesale Corp.*, 818 F. App'x 57, 62–63 (2d Cir. 2020) (plaintiff's expert's failure to show a price premium is a fatal similarity defeating each class member's claim). Plaintiffs' reliance on *In re U.S. Foodservice Inc. Pricing Litigation*, 729 F.3d 108 (2d Cir. 2013), is perplexing, because there the district court "conducted a rigorous analysis based on the relevant evidence" and "properly resolved factual disputes" relevant to predominance, *id.* at 117—the opposite of what happened here. Similarly, this Court explained in *Cordes* that the parties' experts' disagreement respecting whether injury-in-fact could be proved by common evidence needed to be resolved by the district court. 502 F.3d at 107.

305, 324 (3d Cir. 2008) ("Resolving expert disputes in order to determine whether a class certification requirement has been met is always a task for the court . . . .").

Plaintiffs do not claim—nor could they—that the district court made any findings resolving the parties' predominance disputes by a preponderance-of-the-evidence standard, as was required. It was not sufficient for the district court merely to observe that Plaintiffs' experts "responded to" or "thoughtfully addressed" the criticisms of Defendants' experts. *Compare* Opp. at 15–16, *with* Pet. at 21–22. It is manifestly for the court *to decide* and explain whether Rule 23's requirements have been met, and a class cannot be certified on the basis that the jury might agree with Plaintiffs' experts rather than Defendants' experts on issues determining predominance.

## III. THE DISTRICT COURT'S CLASS CERTIFICATION ORDER NEEDS RULE 23(f) REVIEW

Plaintiffs allege joint and several liability for class damages of more than $22.5 billion, after trebling. CA-149–50. As the Petition accurately stated, Pet. at 23, Plaintiffs are seeking to recover from Merrill Lynch *billions* of dollars, even after applying the setoff provisions in Plaintiffs' settlements with other defendants. *See* Opp. at 21. Exposure of this magnitude obviously imposes coercive settlement pressure, and this Court has not hesitated to grant Rule 23(f) relief to very large corporations and financial institutions in cases alleging substantial damages, including in the highly analogous *VRDO* case. *See, e.g.*, *Ark. Tchr. Ret. Sys. v.*

10

*Goldman Sachs Grp., Inc.*, 77 F.4th 74, 80 (2d Cir. 2023) (leave to appeal granted three times); *Waggoner v. Barclays PLC*, 875 F.3d 79, 92 (2d Cir. 2017); *Petrobras*, 862 F.3d at 260; *IPO*, 471 F.3d at 31.  There is no reason to treat this Petition differently.

## CONCLUSION

The Petition should be granted.

Dated:  January 6, 2025           Respectfully submitted,

*/s/ Adam S. Hakki*
Adam S. Hakki
Richard F. Schwed
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
adam.hakki@aoshearman.com
rschwed@aoshearman.com

Michael P. Mitchell
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 508-8100
michael.mitchell@aoshearman.com

*Counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch L.P. Holdings, and Merrill Lynch Professional Clearing Corp.*

11

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,598 words.

This document complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5)-(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 font size and Times New Roman style.

*/s/ Adam S. Hakki*

Adam S. Hakki

ALLEN OVERY SHEARMAN STERLING US LLP

599 Lexington Avenue

New York, NY 10022

Telephone: (212) 848-4000

adam.hakki@aoshearman.com

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2025, I caused copies of the foregoing

Petitioners' Reply in Further Support of Petition for Permission to Appeal Pursuant

to Federal Rule of Civil Procedure 23(f) to be served upon the following counsel of

record by CM/ECF:

**COHEN MILSTEIN SELLER & TOLL PLLC**

Michael B. Eisenkraft
Christopher J. Bateman
88 Pine Street, 14th Floor
New York, New York 10005
meisenkraft@cohenmilstein.com
cbateman@cohenmilstein.com

Julie G. Reiser
1100 New York Ave NW, Suite 500
Washington, DC 20005
jreiser@cohenmilstein.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Daniel L. Brockett
Steig D. Olson
David M. Cooper
Sascha N. Rand
295 Fifth Avenue
New York, New York 10016
danbrockett@quinnemanuel.com
steigolson@quinnemanuel.com
davidcooper@quinnemanuel.com
sascharand@quinnemanuel.com

*/s/ Adam S. Hakki*
Adam S. Hakki
ALLEN OVERY SHEARMAN STERLING
US LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
adam.hakki@aoshearman.com

13