# 24-3342

# United States Court of Appeals

*for the*

# Second Circuit

IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; LOS ANGELES COUNTY EMPLOYEES RETIREMENT ASSOCIATION; ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM; SONOMA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION; and TORUS CAPITAL, LLC, on behalf of themselves and all others similarly situated,

*Plaintiffs-Respondents,*

– v. –

MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; MERRILL LYNCH L.P. HOLDINGS, INC.; and MERRILL LYNCH PROFESSIONAL CLEARING CORP.,

*Defendants-Petitioners.*

*On Petition for Permission to Appeal from the United States District Court for the Southern District of New York, No. 1:17-cv-6221 (Failla, J.)*

**PLAINTIFFS-RESPONDENTS' OPPOSITION TO DEFENDANTS-PETITIONERS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PERMISSION TO APPEAL UNDER FED. R. CIV. P. 23(f)**

MICHAEL B. EISENKRAFT
CHRISTOPHER BATEMAN
COHEN MILSTEIN SELLERS
   & TOLL PLLC
88 Pine Street, 14th Floor
295 Fifth Avenue
New York, New York 10005
(212) 838-0177

DANIEL BROCKETT
STEIG D. OLSON
DAVID M. COOPER
SASCHA RAND
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
(212) 849-7000

*Attorneys for Plaintiffs-Respondents and the Class*

*(For Continuation of Appearances See Inside Cover)*

JULIE GOLDSMITH REISER
COHEN MILSTEIN SELLERS
   & TOLL PLLC
1100 New York Ave NW, 8th Floor
Washington, DC 20005
(202) 408-4600

*Attorneys for Plaintiffs-Respondents
and the Class*

# TABLE OF CONTENTS

**Page**

I.     THE REPLY FAILS TO SHOW A COMPELLING NEED TO ACCEPT A SECOND RULE 23(F) PETITION ON THE SAME ISSUE ..................................................................................2

II.    THE REPLY FAILS TO IDENTIFY ANY LEGAL ERROR OR ABUSE OF DISCRETION IN GRANTING CLASS CERTIFICATION ...........................................................................4

    A.    The District Court Did Not Abuse Its Discretion In Finding No Fundamental Conflict Existed ................................................................4

    B.    The District Court Applied The Correct Standard In Finding Plaintiffs' Models Methodologically Sound And Capable Of Showing Classwide Impact ................................................................6

III.    GRANTING CLASS CERTIFICATION IS NOT THE DEATH KNELL FOR THE CASE ..................................................................8

CONCLUSION.................................................................................................9

CERTIFICATE OF COMPLIANCE.................................................................11

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
  568 U.S. 455 (2013)..................................................................6, 7

*Basic Inc. v. Levinson*,
  485 U.S. 224 (1988)........................................................................8

*Chamberlan v. Ford Motor Co.*,
  402 F.3d 952 (9th Cir. 2005) .........................................................9

*In re Delta Air Lines*,
  310 F.3d 953 (6th Cir. 2002) .........................................................9

*In re Initial Public Offering Sec. Litig.*,
  471 F.3d 24 (2d Cir. 2006) .............................................................7

*In re Interest Rate Swaps Antitrust Litig.*,
  2023 WL 8675625 (S.D.N.Y. Dec. 15, 2023)..................................3

*Kurtz v. Costco Wholesale Corp.*,
  818 F. App'x 57 (2d Cir. 2020) ......................................................6

*In re Petrobras Sec.*,
  862 F.3d 250 (2d Cir. 2017) ...........................................................2

*Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*,
  262 F.3d 134 (2d Cir. 2001) .......................................................4, 8

*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016)....................................................................6, 7

*In re U.S. Foodservice Inc. Pricing Litig.*,
  729 F.3d 108 (2d Cir. 2013) .......................................................6, 7

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)................................................................1, 4, 7

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
  208 F.3d 288 (1st Cir. 2000)...........................................................9

ii

**<u>Other Authorities</u>**

Fed. R. Civ. P. 23 ..................................................................................................2

Fed. R. Civ. P. 23(f) ..................................................................1, 2, 3, 4, 9

Plaintiffs respectfully oppose Merrill Lynch's request for leave to file a reply in support of its Rule 23(f) petition. Merrill Lynch's proposed reply here would not aid the Court on the issue at hand as it says almost nothing about the requirements for interlocutory review under Rule 23(f).

Instead, the reply improperly puts forward new and unsupported arguments to which Plaintiffs should have the opportunity to respond or rehashes arguments Merrill Lynch made in its opening brief. In particular, Merrill Lynch now claims that it challenged the district court's finding that the issues here are capable of classwide resolution, but the Petition made no such argument. Regardless, Merrill Lynch provides no basis to question the district court's findings, particularly on the applicable abuse-of-discretion standard. Indeed, Merrill Lynch says that it challenges only legal issues, Reply 1, but cannot dispute that Supreme Court precedent plainly mandates "capable of classwide resolution" as the correct legal test. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). And Merrill Lynch makes no attempt to explain how the intraclass conflicts issue presents a legal question at all—as opposed to disagreement with Judge Failla's careful evaluation of the facts.

Merrill Lynch also now claims that Rule 23(f) review is appropriate for a large case regardless of whether the defendant can easily pay the judgment. This

assertion is contrary to this Court's precedent and ignores the rationale behind that prong of Rule 23 which is designed to capture cases that would, if interlocutory review is not granted, never receive review at all because of the pressure to settle generated by a huge damages number. To Merrill Lynch, the amount at stake does not generate that pressure—evidenced by the fact that it chose not to settle when all the other Defendants did. Merrill Lynch can choose to litigate this case to a final judgment, so there is no reason for this Court to address on an interlocutory basis the district court's careful application of well-established law to the particular facts here.

## I. THE REPLY FAILS TO SHOW A COMPELLING NEED TO ACCEPT A SECOND RULE 23(f) PETITION ON THE SAME ISSUE

As Plaintiffs explained, there is no compelling need to review here the same issue that this Court will decide in *VRDO*. Opp. 8-10. Merrill Lynch argues an appeal would be more efficient than a motion for decertification (assuming a *VRDO* decision could undermine the certification here). But Merrill Lynch ignores precisely why this is less efficient: the district court would have to decide how to apply *VRDO* to the facts here *regardless* of whether there was an interlocutory appeal. *See In re Petrobras Sec.*, 862 F.3d 250, 274-75 (2d Cir. 2017). As for Merrill Lynch's complaint that the courts should not "rush this case along as a class action," Reply 3, this case has been pending for over seven years and there is not yet

a schedule for summary judgment, let alone trial. Thus, there is no concern that this case will go to trial before a decision in *VRDO*; the real concern is needless, further delay.

Merrill Lynch also suggests that this Court could hold the petition in abeyance, Reply 3, but this accomplishes nothing because either *VRDO* will not undermine the certification (in which case the delay would be unnecessary) or it will (in which case the district court would have to decide the application of *VRDO* here anyway). Merrill Lynch compares this case to *In re Interest Rate Swaps Antitrust Litigation* ("*IRS*"), 2023 WL 8675625 (S.D.N.Y. Dec. 15, 2023), but *IRS* arose at the same time as *VRDO* and thus could have been briefed simultaneously. Unlike here, moreover, a denial of the Rule 23(f) petition in *IRS* would have ended the case. And, of course, Merrill Lynch and its counsel in *IRS* argued against this Court taking interlocutory review in that matter. *See* Defs.' Opp. To Pls.' Rule 23(f) Pet., *In re Int. Rate Swaps Antitrust Litig.*, No. 24-81 (2d Cir. Jan. 11, 2024), Dkt. No. 40.

In any event, Merrill Lynch's argument on the merits is one that this Court almost certainly will not adopt in *VRDO* and would not adopt in an appeal here. Merrill Lynch did not challenge the district court's finding that the case is capable of classwide resolution. Opp. 9. Merrill Lynch now claims that it *did* challenge that finding, Reply 1, 7, but it cites nothing because the Petition made no such argument. Even now, the Reply fails to explain how the issues here are not *capable* of classwide

3

resolution, instead arguing only that they will not be resolved in Plaintiffs' favor. There is no need for resolution of this issue, as the Supreme Court already has held that "capable of classwide resolution" is the correct test, *Wal-Mart*, 564 U.S. at 350, and whether the disputes actually will be resolved in Plaintiffs' favor is the wrong test, *see* Opp. 15-20; *infra* Part II.

## II. THE REPLY FAILS TO IDENTIFY ANY LEGAL ERROR OR ABUSE OF DISCRETION IN GRANTING CLASS CERTIFICATION

Merrill Lynch ignores the abuse-of-discretion standard by asserting that it challenges only legal errors, Reply 1, but as discussed below, it identifies no legal errors and no questionable decision that warrants interlocutory review.

### A. The District Court Did Not Abuse Its Discretion In Finding No Fundamental Conflict Existed

Merrill Lynch does not confront the simple point that whether a conflict is fundamental enough to preclude certification is a factual question over which the district court has discretion. Opp. 10. As Judge Failla was in the "best position to assess" the fact-bound arguments regarding intraclass conflict, her correct and thoughtful decision on that issue is subject to deference and is not a legitimate basis for Rule 23(f) review. *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001).

Moreover, the facts here support the absence of any fundamental conflict. No class member has complained about any such conflict. Opp. 11. Merrill Lynch

claims that an objection is not a requirement, Reply 6, but it is, at a minimum, highly relevant here given that the class is comprised of highly sophisticated financial institutions that closely follow this case. Merrill Lynch also ignores the extensive case law holding that the presence of buyers and sellers in a class—or a damages allocation conflict more generally—does not create a conflict that precludes certification. Opp. 10-15.

Merrill Lynch mischaracterizes the supposed conflict here and the theory of the case. Plaintiffs have presented a single theory—which supports the claims of the entire Class—that the Defendant intermediaries who stood in the middle of every transaction charged supracompetitive spreads that harmed both borrowers and sellers. According to Merrill Lynch, the supposed conflict concerns injury, not just damages allocation. Reply 5. However, the district court found the contrary, A-19-22, and indeed, Plaintiffs' expert analysis shows injury to everyone. Opp. 11 n.3. This determination is both correct and subject to abuse-of-discretion deference. Even (wrongly) ignoring Plaintiffs' expert evidence of injury and focusing narrowly on Plaintiffs' model of damages, nearly all class members—both borrowers and sellers—suffered damages. A-39-40.

Merrill Lynch's cases show, at most, that there is a fact-specific question concerning whether, in a given case, a fundamental conflict exists. Reply 5 n.3. Merrill Lynch cites no support for a legal, *per se* rule that would apply here, nor does

it even identify what such a rule might be—because, as cited previously, district courts in this circuit have, for decades, examined classes with both purchasers and sellers and determined, as a matter of fact, whether a fundamental conflict exists. *See* Opp. 12 & n.4.  In short, the district court recognized and articulated the relevant law on fundamental conflicts, A-16-18, before determining that no such conflict exists between the borrower and lender subclasses based on the specific facts and evidence introduced in this case. A-19-22.  Merrill Lynch fails to show how the district court's fact-specific analysis in this case constitutes an abuse of discretion warranting interlocutory review.

**B.     The District Court Applied The Correct Standard In Finding Plaintiffs' Models Methodologically Sound And Capable Of Showing Classwide Impact**

Merrill Lynch fails to identify any legal error in the district court's conclusion that common issues predominate.  Magistrate Judge Cave and Judge Failla analyzed all of the evidence and arguments in their decisions.  Opp. 15-16.  Merrill Lynch does not contest this point, instead resting on the idea that "rigorous" analysis requires *resolution* of expert disputes.

However, the Supreme Court and this Court have expressly rejected this argument.  *See* Opp. 16-17 (citing *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 459 (2016); *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013); *Kurtz v. Costco Wholesale Corp.*, 818 F. App'x 57, 61-63 (2d Cir. 2020); *In re U.S.*

6

*Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 129-30 (2d Cir. 2013)). Merrill Lynch asserts that these cases "either did not concern predominance or in fact resolved the parties' predominance disputes." Reply 9. However, all concerned predominance of common issues. And while all resolved disputes about *predominance*, all recognized that doing so did *not* require resolving disputes about whether a common issue would be resolved in the plaintiffs' favor. *See, e.g.*, *Amgen*, 568 U.S. at 459 ("Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be *answered*, on the merits, in favor of the class.") (second emphasis added); *Tyson*, 577 U.S. at 459 ("Once a district court finds evidence to be admissible, its persuasiveness is, in general, a matter for the jury."). That is why the test is whether an issue is "capable of classwide resolution," *Wal-Mart*, 564 U.S. at 350, *i.e.*, the test the district court applied. A-26-27.[1]

Merrill Lynch relies principally on *In re Initial Public Offering Sec. Litig.* ("*IPO*"), 471 F.3d 24, 31, 40-42 (2d Cir. 2006), a case decided years before *Tyson* and *Kurtz*, asserting that Plaintiffs distinguished it only because it is a securities case. Reply 2, 8. In fact, *IPO* is inapposite not because it is a securities case *per se*, but because it concerns the fraud-on-the-market *presumption*, which applies only in

---

[1] Merrill Lynch asserts that the district court did not resolve the parties' disputes about predominance, Reply 10, but this again confuses the issue: while the district court did not resolve a battle of the experts, it unquestionably resolved the dispute about whether common issues predominate. A-45.

securities cases. *See Basic Inc. v. Levinson*, 485 U.S. 224, 241-47 (1988). Without that presumption, the issue of reliance is individualized, not common, which is why the existence of the presumption must be determined at class certification. There is no such presumption at issue here.

Finally, Merrill Lynch fails to explain how its proposed approach has anything to do with the question of whether common issues predominate. Merrill Lynch does not dispute that the judge's resolution of expert disputes on class certification would not bind the jury. *See* Opp. 19-20. Thus, whether the judge believes Plaintiffs' experts or Merrill Lynch's experts are more persuasive is *irrelevant* to whether the issues are capable of resolution on a classwide basis. If the *jury* can resolve the issues on a classwide basis—as the district court found here—then they are capable of resolution on a classwide basis, and common issues predominate. The Reply does not even attempt to identify any individualized evidence that would preclude this classwide resolution.

## III. GRANTING CLASS CERTIFICATION IS NOT THE DEATH KNELL FOR THE CASE

Merrill Lynch does not assert, nor could it, that the certification here "will effectively terminate the litigation." *Sumitomo*, 262 F.3d at 140. Nor does Merrill Lynch dispute that a single quarter of profits could easily pay for any possible judgment here (even after trebling), as Merrill Lynch negotiated a judgment sharing agreement with its co-defendants who already settled the case that ensures Merrill

8

Lynch is responsible for only 11% of the damages caused by Defendants' violation of the antitrust laws. That should end the matter.

Merrill Lynch suggests that a large case warrants Rule 23(f) review regardless of the defendant's ability to pay. But Merrill Lynch cites no case ever adopting this proposition, and numerous courts have rejected it. *See In re Delta Air Lines*, 310 F.3d 953, 961 (6th Cir. 2002) (denying Rule 23(f) review in $1 billion class action because "what might be ruinous to a company of modest size might be merely unpleasant to a behemoth") (internal citation and quotation marks omitted); *see also Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 960 (9th Cir. 2005); *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294-95 (1st Cir. 2000). While Merrill Lynch notes that this Court sometimes has granted Rule 23(f) petitions in large cases, even where the defendant had the ability to pay, none suggested the reason for granting was the "death knell" prong of *Sumitomo*, rather than the existence of a legal issue in need of resolution. As discussed above, there is no such legal issue here. And because Merrill Lynch can bring this case to a final judgment, this case does not warrant an interlocutory appeal under Rule 23(f).

## CONCLUSION

This Court should deny the motion for leave to file a reply in support of the Petition for interlocutory review and deny Defendants' Petition for review.

Dated:  January 16, 2025

Respectfully submitted,

<table>
<tr><td><strong>COHEN MILSTEIN SELLERS &amp;<br>TOLL PLLC</strong></td><td><strong>QUINN EMANUEL URQUHART &amp;<br>SULLIVAN, LLP</strong></td></tr>
<tr><td>By:   <em>/s/ Michael B. Eisenkraft</em></td><td>By: <em>/s/ Daniel L. Brockett</em></td></tr>
<tr><td>Michael B. Eisenkraft<br>Christopher J. Bateman<br>88 Pine Street, 14th Fl.<br>New York, New York 10005<br>Telephone: (212) 838-7797<br>meisenkraft@cohenmilstein.com<br>cbateman@cohenmilstein.com<br><br>Julie G. Reiser<br>1100 New York Ave. NW, 8th Fl.<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>jreiser@cohenmilstein.com</td><td>Daniel L. Brockett<br>Steig D. Olson<br>David M. Cooper<br>Sascha N. Rand<br>295 5th Avenue<br>New York, New York 10016<br>Telephone: (212) 849-7000<br>danbrockett@quinnemanuel.com<br>steigolson@quinnemanuel.com<br>davidcooper@quinnemanuel.com<br>sascharand@quinnemnuel.com</td></tr>
</table>

*Co-Lead Counsel for*
*Plaintiffs-Respondents and the Class*

10

## CERTIFICATE OF COMPLIANCE

The document complies with the word limit of Fed. R. App. P. 247(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,213 words.

This document complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(e), 32(a)(50-(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 font size and Times New Roman style.

Dated: January 16, 2025

/s/ Daniel L. Brockett
Daniel L. Brockett
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
Phone: 212-849-7000
Fax:    212-849-7100
danbrockett@quinnemanuel.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2025, I caused a true and correct copy of the foregoing Opposition to Motion for Leave to File Reply In Support of Petition for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f) to be served by CM/ECF.

*/s/  Daniel L. Brockett*
Daniel L. Brockett
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
295 5th Avenue
New York, NY  10016
Phone:  212-849-7000
Fax:     212-849-7100
danbrockett@quinnemanuel.com